**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARCUS B. HARRIS,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　Case No. 8:15-cv-2342-T-33EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

### ORDER

Petitioner Marcus B. Harris, a state of Florida prisoner proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Harris challenges his convictions for robbery with a deadly weapon and aggravated battery, entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, in 2013. Harris's direct appeal of these convictions remains pending in the state appellate court in case number 2D14-177. Upon review, his habeas petition must be dismissed.

In his federal habeas petition, Harris contends that (1) the State of Florida, as the appellee in his direct appeal proceeding, has failed to timely file its answer brief under Florida Rule of Appellate Procedure 9.210(f),[1] and (2) the state appellate court has failed to enforce the Rule by granting the State numerous extensions of time to file its brief. (Doc. 1, p. 5.) Harris contends that this alleged failure to comply with state procedural rules has resulted in a violation of his federal constitutional rights under the Fourteenth Amendment.

---

[1] This Rule provides that an answer brief shall be served within 20 days after service of the initial brief. Fla. R. App. P. 9.210(f).

(Doc. 1, pp. 13-14.)

Federal habeas relief is not available. The Anti-Terrorism and Effective Death Penalty Act of 1996 governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000). Federal habeas relief may only be granted if a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Harris's arguments are not cognizable in the federal habeas petition because they concern matters of state law. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief."). Harris's assertion of a Fourteenth Amendment violation does not change this conclusion. *See id.* ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'") (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)).

Furthermore, Harris's claims of deficiencies in a state court proceeding cannot provide federal habeas relief because they do not challenge the validity of his conviction. *Cf. Carroll v. Sec'y DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment–*i.e.,* the conviction itself–and thus habeas relief is not an appropriate remedy."); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.") (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)).

Finally, as a prerequisite to federal habeas relief, a petitioner must first exhaust his

state court remedies.  28 U.S.C. § 2254(b)(1).  Even assuming Harris's claims were cognizable in the federal habeas petition, because his direct appeal remains pending, he fails to show that he has exhausted available remedies in state court.

Accordingly, the Court ORDERS that Harris's Section 2254 petition is DISMISSED without prejudice.  The Clerk is directed to terminate all pending motions and to close this case.

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Harris has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Furthermore, because Harris is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 19, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Marcus B. Harris